UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANCES SORIA, ) | |
| f/k/a FRANCES DUEKER, ) | |
|     PLAINTIFF ) | |
| ) | CIVIL ACTION NO.: |
| VS. ) | 4:10-cv-1628 |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| CHECK RECOVERY SERVICES, INC. ) | UNLAWFUL DEBT COLLECTION |
|     DEFENDANT ) | PRACTICES |

## COMPLAINT

### I.  INTRODUCTION

1.   Plaintiff brings this action against Defendant debt collector for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.  When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  In enacting the FDCPA, Congress emphasized two primary purposes behind the legislation.  One was to eliminate abusive and deceptive debt collection practices by debt collectors.  The second was to insure that those debt collectors which refrained from using abusive debt collection practices would not be competitively disadvantaged.  See U.S. v. Nations Financial Services, Inc. 98 F.3d 131 (4th Cir. 1996).  Defendant Check Recovery Services, Inc. systematically deceives and abuses consumers who have already been victimized by payday lenders, and in so doing, it puts debt collection entities which comply with the Fair Debt Collection

1

Practices Act at a distinct competitive disadvantage. It is the policy and practice of Check Recovery Services, Inc. to violate the FDCPA in its efforts to collect alleged consumer debts from consumers.

## II. JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.   Venue in this District is proper in that the Defendant transacted business here and the conduct complained of occurred here.

## III. PARTIES

3.     Plaintiff is a natural person residing in the City of St. Louis, State of Missouri. Plaintiff is a consumer as that term is defined in 15 U.S.C. § 1692a(3).

4.     Defendant Check Recovery Services (hereinafter referred to as "CRS") is a corporation existing pursuant to laws of New York and doing business at 255 Great Arrow Avenue, Suite 4, Buffalo, NY 14207, operating as a collection agency, and is a "debt Collector" as that term is defined by 15 U.S.C. § 1692a(6). According to the New York Secretary of State's Office, CRS has no registered agent.

5.     Defendant regularly collects or attempts to collect defaulted debts owed or due or asserted to be owed or due to another, and are "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6.     On an occasion between September 1, 2009 and August 30, 2010, one of CRS's collectors who identified himself as Michael Black attempted to contact Plaintiff in an attempt to collect on a defaulted consumer debt. The cell phone

number was (314) 657-6933.  Mr. Black left a message on Plaintiff's cell phone voice message recorder in which he said the following:  "This message is intended for Frances Dueker.  My name is Michael Black calling with Check Recovery Services to inform you that all voluntary means of payment have been suspended for you, and we are going to go ahead and execute the request for a judgment to be placed against you in St. Louis Independent City Associate Circuit Court, especially since a previous conviction for passing a bad check had been found back in 1987 in Reynolds County, so we are going to go ahead and list you as a habitual offender as well.  Either yourself or your attorney can obtain the information that will be on our summons request at (866) 331-3124, case number 199751.  At this time, Frances Dueker, you have been notified."

7. CRS never sent Plaintiff anything in writing in its attempts to collect the debt.

8. CRS did not give Plaintiff the disclosure notice required by 15 U.S.C. §1692e(11) while dunning her by telephone.

9. The natural consequence of CRS's conduct and tactics was to harass, oppress and/or abuse Plaintiff.

10. CRS used false, misleading and deceptive representations and/or means in connection with its effort to collect a debt from Plaintiff.

11. As a result of the acts and omissions of the Defendant herein, Plaintiff has suffered actual damages and injury, including, but not limited to, extreme fear,

3

including the fear of arrest and jail, severe stress and mental anguish, emotional distress and humiliation.

## CLAIM FOR RELIEF

## VIOLATIONS OF THE FDCPA

12. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

13. The foregoing acts and omissions of Defendant constitute violations of the FDCPA including, but not limited to, violations of §§ 1692d, 1692d(2), 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692e(11), and 1692g.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory relief finding that Defendant violated the Fair Debt Collection Practices Act;

B. Statutory damages pursuant to the Fair Debt Collection Practices Act;

C. Actual damages against Defendant for violation of the Fair Debt Collection Practices Act;

D. Costs and reasonable attorney's fees pursuant to the Fair Debt Collection Practices Act;

4

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

<u>/s/ Frances Soria</u>
**Frances Soria**

Respectfully submitted,

**THE SWANEY LAW FIRM**

<u>/s/ Robert T. Healey</u>
Robert T. Healey
EDMO # 3356; Missouri Bar #34138
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
<rhealey@swaneylawfirm.com>
telephone: (314) 481-7778
fax:  (314) 481-8479